UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CELINA LEDESMA, MAURICIO DIAZ,
MANUEL DE JESUS ALFARO, JUAN
JIMENEZ, and DANIEL MENDOZA,

       Plaintiffs,

v.

HIGHLAND WOODS GOLF & COUNTRY
CLUB, INC.,

       Defendant.

Case No. 2:11-CV-00359-CEH-DNF

DISPOSITIVE MOTION

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

## **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    ALL CLAIMS BROUGHT BY PLAINTIFF MAURICIO DIAZ MUST BE DISMISSED BECAUSE HE WAS NOT AN EMPLOYEE OF DEFENDANT.................................... 3

III.   PLAINTIFFS MAURICIO DIAZ, MANUEL DE JESUS ALFARO, JUAN JIMENEZ, AND DANIEL MENDOZA FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES FOR ALL CLAIMS BROUGHT PURSUANT TO THE FLORIDA CIVIL RIGHTS ACT. ................................................................................................... 4

IV.   LEDESMA FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES PRIOR TO BRINGING SUIT IN COUNTS II AND IV UNDER THE FLORIDA CIVIL RIGHTS ACT. ................................................................................................... 6

V.    PLAINTIFFS FAIL TO STATE CLAIMS UNDER THE FAIR LABOR STANDARDS ACT (COUNTS VIII, IX, AND XIII). .................................................................. 7

VI.   LEDESMA'S CLAIMS FOR SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AND THE FCRA (COUNTS I AND II) MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM. ................................................................................... 11

VII.  PLAINTIFFS' TITLE VII, FCRA, AND SECTION 1981 HOSTILE WORK ENVIRONMENT CLAIMS (COUNTS V THROUGH VII) LACK SUFFICIENT FACTUAL ALLEGATIONS AND MUST BE DISMISSED. ......................................... 15

VIII. PLAINTIFFS MAURICIO DIAZ, MANUEL DE JESUS ALFARO, JUAN JIMENEZ, AND DANIEL MENDOZA FAIL TO STATE A CLAIM FOR RETALIATION (COUNTS X, XI, XII, AND XIII) BECAUSE THEY CANNOT ALLEGE THAT THE DECISION MAKER HAD KNOWLEDGE OF THEIR ALLEGED PROTECTED CONDUCT. .................................................................................................... 18

IX.   LEDESMA'S CLAIMS OF RETALIATION (COUNTS III, IV, X, XI, AND XII) MUST BE DISMISSED BECAUSE SHE CANNOT ALLEGE A GOOD FAITH REASONABLE BELIEF THAT HIGHLAND WOODS ENGAGED IN UNLAWFUL PRACTICES. ................................................................................................. 21

X.    CONCLUSION................................................................................................. 24

QB\14302431.4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Blockbuster, Inc.*, 2010 WL 1797249 (E.D. Cal. May 4, 2010) ................................ 9

*Armstrong v. Lockheed Martin Beryllium*, 990 F. Supp. 1395 (M.D. Fla. 1997).......................... 5

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................. 7, 8

*Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1287 (11th Cir. 2007)....................... 13

*Baskerville v. Culligan Int.'l Co.*, 50 F.3d 428 (7th Cir. 1995) .................................................... 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 7, 9, 16

*Black v. Zaring Homes, Inc.*, 104 F.3d 822 (6th Cir. 1996) ........................................................ 12

*Brown v. Snow*, 440 F.3d 1259 (11th Cir. 2006) ........................................................................ 13

*Brungart v. BellSouth Telecommunications*, 231 F.3d 791 (11th Cir. 2000) ............................... 20

*Bryant v. Jones*, 575 F.3d 1281 (11th Cir. 2009)........................................................................ 15

*Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209 (11th Cir. 2008)......................................... 22

*Clover v. Total System Services, Inc.*, 176 F.3d 1346 (11th Cir. 1999)........................................ 20

*Edwards v. Prime, Inc.*, 602 F.3d 1276 (11th Cir. 2010)............................................................. 15

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1988) ................................................................ 12

*Fulwood v. Capital One Auto Finance, Inc.*, No. 8:09-cv-378-T-30EAJ
   (M.D. Fla. March 22, 2011)..................................................................................................... 17

*Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993) .................................................... 19

*Gupta v. Florida Bd. of Regents*, 212 F.3d 571 (11th Cir. 2000) ................................................ 18

*Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385 (11th Cir. 1998)................. 11, 15, 18

*Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004)................................ 16

*Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094 (S.D. Iowa 2008).................................... 9

*Kasten v. Saint-Gobain Performance Plastics*, 131 S. Ct. 1325 (2011) ...................................... 10

*McCollum v. Bolger*, 794 F.2d 602 (11th Cir. 1986).................................................................. 20

*Mell v. GNC Corp.*, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010)...................................................... 9

*Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999) ............................................................ 12

*Murphy v. City of Aventura*, 616 F. Supp. 2d 1267 (S.D. Fla. 2009) ............................................ 15

*Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798 (11th Cir. 2010) .................................. 12

*Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836  (11th Cir. 2000) ...................................... 18

*Scribner v. Collier Co.*, No. 2:10-cv-728-FtM-29DNF (M.D. Fla. July 14, 2011) ...................... 22

*Shields v. Fort James Corp.*, 305 F.3d 1280 (11th Cir. 2002)...................................................... 15

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009) ..................................................... 7

*St. Hilaire v. The Pep Boys - Manny, Moe and Jack*, 73 F. Supp. 2d 1366 (S.D. Fla. 1999)....... 17

*Van Portfliet v. H & R Block Mortg. Corp.*, 290 F. App'x 301 (11th Cir. 2008)........................ 22

*Vierra v. Sage Dining Servs., Inc.*, No. 8:10-cv-02267-T-33EAJ (M.D. Fla. Nov. 23, 2010) ....... 9

*Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013 (11th Cir. 2008)................... 12

*Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908 (M.D. Fla. 1995) ...................... 4

*Wolf v. Coca-Cola Co.*, 200 F.3d 1337 (11th Cir. 2000)....................................................... 10, 18

## Florida Statutes

Florida Statute § 760.01, *et seq.* (Florida Civil Rights Act of 1992)................................. 1, 15, 18

Florida Statute § 760.11 (2011) ................................................................................................ 4, 6

Florida Statute § 92.525(1) ......................................................................................................... 6

## Federal Statutes

29 United States Code § 203(s)(1)(A) .......................................................................................... 8

42 United States Code § 1981............................................................................................... passim

42 United States Code § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964) ............. passim

## <u>DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW</u>

Defendant, HIGHLAND WOODS GOLF & COUNTRY CLUB, INC. ("Highland Woods"), hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint filed by Plaintiffs, CELINA LEDESMA, MAURICIO DIAZ, MANUEL DE JESUS ALFARO, JUAN JIMENEZ, and DANIEL MENDOZA [Dkt. # 1], and in support thereof states:

1.      On June 27, 2011, Plaintiffs filed a thirteen (13) count Complaint alleging various causes of action against Highland Woods.

2.      Counts I through IV are brought by Plaintiff CELINA LEDESMA ("Ledesma") against Highland Woods under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01, *et. seq.* (the "FCRA").

3.      Counts V through XIII are brought on behalf of each Plaintiff alleging actions based on Title VII, the Florida Civil Rights Act, 42 U.S.C. § 1981, and the Fair Labor Standards Act.

4.      Each claim is deficient for the reasons detailed below and the Complaint should be dismissed in its entirety.

5.      Additionally, as shown in the memorandum of law incorporated below, it would be futile to allow Plaintiffs to amend the Complaint as the deficiencies cannot be corrected.

## I.      INTRODUCTION

Highland Woods is an equal opportunity employer that has in place and follows a number of policies of non-discrimination and anti-harassment. Additionally, Highland Woods prides itself on the fact that is provides generous benefits to its employees not offered by its

competitors, such as providing a hot meal and paying employees for their lunch break. When Highland Woods learned that one of its employees was claiming to be unhappy with certain aspects of her employment, it undertook a thorough investigation. That investigation revealed that the employee, Plaintiff Ledesma was engaging in a pattern of improper conduct designed to undermine her supervisor, in what her fellow co-workers described as an effort to obtain his job. Those co-workers claimed that Ledesma treated them unfairly and that she was manipulating other employees to support her unfounded claims.

When Highland Woods learned the full extent of Ledesma's improper conduct, she was promptly terminated. Shortly thereafter, Highland Woods received notification from its payroll processing vendor that several of its employees, including Plaintiffs JUAN JIMENEZ ("Jimenez") and DANIEL MENDOZA ("Mendoza"), were identified by a governmental agency—either the Social Security Administration or the Internal Revenue Service—as having a discrepancy with the social security numbers they had provided to Highland Woods. Jiminez and Mendoza were provided copies of the notifications received by Highland Woods and asked to look into the discrepancy. The employees were not terminated nor was there any suggestion that the individuals were not to return to work; however, neither Jiminez nor Mendoza ever returned to Highland Woods. Just a few days after Jiminez and Mendoza voluntarily resigned, Plaintiff MANUEL DE JESUS ALFARO ("De Jesus Alfaro") also resigned.

Perhaps not coincidentally, each of the Plaintiffs now seek to hold Highland Woods responsible for what they claim to be improper treatment on the basis of their sex, race, and/or national origin. Plaintiffs also attempt to state claims for retaliation. As set forth more fully below, even construing the facts alleged in the light most favorable to Plaintiffs at this stage, they fail to state claims upon which relief can be granted under any of the statutory authority relied

2

upon. Accordingly, this Court should dismiss all thirteen counts of Plaintiffs' Complaint with prejudice.

**II.      ALL CLAIMS BROUGHT BY PLAINTIFF MAURICIO DIAZ MUST BE DISMISSED BECAUSE HE WAS NOT AN EMPLOYEE OF DEFENDANT.**

Plaintiff MAURICIO DIAZ ("Diaz") attempts to bring various claims in Counts V through XIII, each of which are related to his purported employment by Highland Woods. Diaz claims to have worked as a golf course maintenance employee at Highland Woods from approximately May 16, 2008 through August 2, 2010. *Complaint*, ¶ 27. Between January 2008 and December 2010, Highland Woods did not employ any individual named Mauricio Diaz. *Declaration of William J. Clark* (hereinafter "Declaration of Clark"), ¶ 10, attached hereto as Exhibit "1."

In the Complaint, Diaz nonchalantly implies that he may have been employed by Highland Woods under a different name—Melsar Acuna—yet he fails to go so far as to actually make that assertion. *Complaint*, ¶ 13. Nor does he explain who the individual calling himself Diaz (or Acuna) really are, or how he or they came to have multiple identities, if such individuals ever existed. Plaintiff "Diaz" simply says that he received a "Right to Sue" letter issued by the EEOC under the name "Melsar Acuna." *Id*. Noticeably absent from the Complaint is any attempt to explain a link between the names Mauricio Diaz and Melsar Acuna that would be sufficient to allow Diaz to proceed with his claims which require exhaustion of administrative remedies prior to filing suit, when any attempted exhaustion of those remedies was done under a different identity. Because either "Melsar Acuna" or "Mauricio Diaz" (or both) are false identities, the EEOC Charge purportedly signed under penalties of perjury is a nullity and must be ignored when considering whether Plaintiff Diaz properly exhausted any of his administrative remedies.

In the absence of a legal name change or other plausible link between the defendant Diaz and Highland Woods' actual employee, Melsar Acuna, Diaz cannot maintain any claims against Highland Woods for alleged wrongdoing during an employment relationship that did not exist. Basic logic dictates that in order to maintain a cause of action for employment discrimination, retaliation, or FLSA violations, one must actually have been an employee of the defendant. Because Diaz cannot show that he was an employee of Highland Woods, he cannot maintain any of the claims he has attempted to allege in Counts V through XIII, and those claims must be dismissed as to Diaz.

III.   **PLAINTIFFS MAURICIO DIAZ, MANUEL DE JESUS ALFARO, JUAN JIMENEZ, AND DANIEL MENDOZA FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES FOR ALL CLAIMS BROUGHT PURSUANT TO THE FLORIDA CIVIL RIGHTS ACT.**

In Counts VI and XI, Plaintiffs Diaz, Alfaro, Jimenez, and Mendoza each attempt to assert claims against Highland Woods for violations of the FCRA. None of the individuals allege that they filed charges with the Florida Commission on Human Relations (the "Florida Commission")—in fact, each explicitly alleges that he only filed a charge with the EEOC. *Complaint*, ¶ 96.

Before bringing a lawsuit for violations of the FCRA, employees are first required to exhaust all of their administrative remedies. Fla. Stat. §760.11 (2011); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Alfaro, Jimenez, and Mendoza each filed charges with the EEOC in August 2010, but did not "dual file" those charges with the Florida Commission. Diaz did not file a charge with either the EEOC or the Florida Commission. Copies of the charges filed by Alfaro, Jimenez, and Mendoza are attached to the *Declaration of Clark* as Exhibits "A," "B," and "C," respectively. The charge filed by "Melsar Acuna," which resulted in the issuance of a Right to Sue letter by the EEOC to a person of that same name and

upon which Diaz wrongfully bases his claims in this lawsuit, is attached to the *Declaration of Clark* as Exhibit "D."

When initiating a charge with the EEOC, the form allows for "dual filing" with any state or local agency the charging party desires to proceed before with his claims. It is the charging party's choice whether to initiate a federal claim (by filing with the EEOC), a state claim (in this case by electing to file with the Florida Commission), or both. This Court has recognized that the process of doing so "is relatively simple in Florida." *Armstrong v. Lockheed Martin Beryllium*, 990 F. Supp. 1395, 1400 (M.D. Fla. 1997). The failure of a plaintiff to affirmatively indicate his intention to initiate the administrative process before the Florida Commission when filing an EEOC charge is fatal to a later-filed lawsuit alleging wrongdoing under the FCRA. *Id.* ("to initiate the administrative process of both agencies effectively, the complainant must affirmatively indicate the intention to do so, and the failure … to do so … is fatal to [a] state claim").

A review of the charges filed by these four Plaintiffs shows that none of them properly initiated a claim with the Florida Commission, as they each left blank the portion of the form in which the state or local agency with which they desire the charge to be dually filed. *See* Exhibits "A," "B," "C," and "D" to the *Declaration of Clark*. Because Diaz, Alfaro, Jimenez, and Mendoza each failed to initiate the administrative process required before asserting any claims of wrongdoing under the FCRA, they have failed to exhaust their administrative remedies before proceeding with court action and therefore Counts VI and XI must be dismissed as to those four Plaintiffs.

5

## IV.   LEDESMA FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES PRIOR TO BRINGING SUIT IN COUNTS II AND IV UNDER THE FLORIDA CIVIL RIGHTS ACT.

Likewise, Counts II and IV of the Complaint brought by Ledesma alleging violations of the FCRA must be dismissed. Ledesma does not allege that she properly exhausted her administrative remedies with the Florida Commission prior to bringing this lawsuit. In fact, Ledesma specifically alleges that she filed a Charge of Discrimination only with the EEOC. *Complaint*, ¶ 86. Counts II and IV of the Complaint are therefore devoid of the necessary factual allegations that Ledesma exhausted the required administrative process prior to filing this lawsuit.

Furthermore, it is clear that Ledesma should not be granted leave to amend, as she is unable to timely initiate the required action with the Florida Commission. In order to do so, Ledesma was required to file a verified complaint within 365 days of the alleged violation. Fla. Stat. §760.11(1). The charge Ledesma filed with the EEOC is not verified as required by Florida law. To verify a complaint, one must either (1) take an oath or affirmation before a judge, clerk or deputy clerk of any court of record in Florida or any notary public within Florida; or (2) sign the following written declaration and the end of the document to be verified: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true." Fla. Stat. §92.525(1).

While the Charge of Discrimination signed by Ledesma indicates at the top of the form an intention to file with both the EEOC and the Florida Commission, Ledesma failed to properly verify the complaint. *See* Exhibit "E" to the *Declaration of Clark*. Ledesma neither had the complaint verified by an appropriate judicial officer or notary public in the space available at the bottom right of the form, nor did she execute the declaration in that same location of the form stating that she read the charge and that the facts are true and correct. Because Ledesma failed to

QB\14302431.4

verify her complaint, she did not properly initiate the administrative process with respect to the claims of wrongdoing she alleges under the FCRA and she is therefore barred from bringing Counts II and IV of the Complaint.

## V.  PLAINTIFFS FAIL TO STATE CLAIMS UNDER THE FAIR LABOR STANDARDS ACT (COUNTS VIII, IX, AND XIII).

In Count VIII, Plaintiffs attempt to state a claim for violation of the minimum wage provisions of the Fair Labor Standards Act (the "FLSA"). Similarly, in Count IX, Plaintiffs attempt to allege a claim for violation of the overtime provisions of the FLSA. In Count XIII, Plaintiffs attempt to state a claim for violation of the FLSA's anti-retaliation provisions. However, Plaintiffs have failed to plead sufficient factual allegations upon which this Court can determine that any FLSA violations are plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the pleading standard required by *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), "does not require 'detailed factual allegations,'" *Iqbal*, 129 S. Ct. at 1947 (quoting *Twombly*, 550 U.S. at 555), it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

Allegations in a complaint that "are no more than conclusions, are not entitled to the assumption of truth" in the plaintiff's favor. *Iqbal*, 129 S. Ct. at 1950; see also *Sinaltrainal*, 578 F.3d at 1260 (stating that "'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."). In Counts VIII and IX, Plaintiffs simply recite the basic elements of the cause of action and fail to include allegations of specific facts that would give rise to either a minimum wage or overtime violation of the FLSA,

let alone justify enterprise coverage under the FLSA. Plaintiffs simply allege that "Highland Woods is an enterprise engaged in commerce." *Complaint*, ¶ 202. Plaintiffs further allege conclusions such as Plaintiffs were not fully paid for all of their hours worked, *Complaint,* ¶¶ 56, 205, and that Plaintiffs were not paid for all of their hours of overtime worked in excess of 40 hours, *Complaint*, ¶¶ 57, 213. These statements are nothing more than "'naked assertion[s]' devoid of 'further factual enhancement'" which simply do not suffice. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

### A.   Plaintiffs' FLSA coverage allegations are insufficient.

FLSA coverage is a threshold issue. Plaintiffs appear to rely upon the theory of enterprise coverage, as there are no allegations in the Complaint that any individual employees were engaged in interstate commerce. Enterprise coverage is triggered when an employer

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000)....

29 U.S.C. § 203(s)(1)(A). In the Complaint, Plaintiffs' sole allegation regarding enterprise coverage states only that that Highland Woods is an enterprise engaged in commerce. *Complaint*, ¶ 202. Plaintiffs make no factual allegations supporting this naked assertion and conclusion. The Court cannot accept the sole allegation directed toward the threshold matter of enterprise coverage as true and must therefore dismiss each of Plaintiffs' FLSA based claims in Counts VIII, IX, and XIII.

### B.   Plaintiffs make insufficient allegations of unpaid wages.

Noticeably absent from the Complaint are any allegations by any Plaintiff as to when the wrongdoing allegedly occurred (other than a reference to wrongdoing occurring during the potentially applicable limitations period of three years in paragraphs 205 and 213 of the

8

Complaint). Also missing are any factual allegations with any attempt to approximate the number of hours Plaintiffs claim they were not properly paid either minimum wage or overtime compensation. Simply stating that the defendant failed to pay all wages due, without stating when or how the defendant failed to pay the required wages are "legal conclusions [which] do not suffice" under the pleading standards of *Twombly*. *Anderson v. Blockbuster, Inc.*, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010).

Furthermore, courts have found allegations similar to those in Plaintiffs' Complaint to be insufficient to meet the pleading standards required by *Twombly and Iqbal*. Regarding the Plaintiffs' FLSA minimum wage claim (Count VIII), simply alleging that Plaintiffs were not paid any wage for certain hours worked, without providing at least an approximation of the hours worked for which minimum wages were not received, is insufficient. *Vierra v. Sage Dining Servs., Inc.*, No. 8:10-cv-02267-T-33EAJ (M.D. Fla. Nov. 23, 2010) (dismissing plaintiff's FLSA minimum wage claim because the complaint's allegations that she routinely performed off the clock work, without alleging how many house she worked for which she did not receive minimum wages, was insufficient); *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (finding plaintiff's proposed amended complaint to be futile because it lacked "a single *factual* allegation that would permit an inference" that the plaintiff had "a right to relief above the speculative level."). Similarly and with respect to Plaintiffs' claims of unpaid overtime (Count IX), allegations that the defendants had a system to control overtime by requiring employees to work off the clock, without further factual detail, were found to be "exactly the type of conclusory allegation[s] rejected by the *Twombly* court." *Mell v. GNC Corp.*, 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010) (dismissing plaintiff's complaint).

9

The Plaintiffs here have failed to allege any facts that would tend to show the amount and extent of any unpaid work and simply make conclusory allegations that they were denied full payment required by the FLSA. Counts VIII and IX are devoid of the necessary factual allegations and therefore should be dismissed for failure to state a claim.

### C. Plaintiffs fail to allege knowledge of their purported FLSA complaints by Highland Woods sufficient to support a FLSA retaliation claim.

In Count XIII, Plaintiffs attempt to claim they were wrongfully terminated in violation of the FLSA's anti-retaliation provisions after allegedly complaining about what they believed to be wage and hour violations. In order to establish a prima facie case of retaliation, Plaintiffs must allege sufficient facts showing that (1) the employee engaged in activity protected under the FLSA, (2) the employee suffered adverse action by the employer, and (3) the employer's adverse action was causally connected to the employee's protected activity. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000).

While it is true that even informal complaints to an employer of an FLSA violation can constitute protected conduct, *Kasten v. Saint-Gobain Performance Plastics*, 131 S. Ct. 1325, 1329 (2011), Count XIII lacks any allegations that those making the alleged termination decisions on behalf of Highland Woods were aware of any such informal complaints of FLSA violations by Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza. Specifically, the Complaint alleges that Ledesma complained to Highland Woods' General Manager, Bill Clark ("Clark"), on her behalf and on behalf of some other employees in the golf course maintenance department. *Complaint*, ¶ 294. The Complaint goes on to state that Clark further inquired as to which employees shared Ledesma's complaints, but that "she told him that she did not know." *Complaint*, ¶ 295. It is clear from Plaintiffs' own allegations that the only person aware of anyone else besides Ledesma who purportedly shared in her complaints was Ledesma herself.

10

Because there are no allegations that those responsible for the alleged adverse action(s)[1] had any knowledge of what were only informal complaints when Diaz, De Jesus Alfaro, Jimenez, and Mendoza were allegedly retaliated against, Count XIII cannot stand.

## VI. LEDESMA'S CLAIMS FOR SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AND THE FCRA (COUNTS I AND II) MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In Counts I and II, Ledesma attempts to state claims for sexual harassment in violation of Title VII and the FCRA. As set forth in Section IV of this Memorandum of Law, above, Ledesma's failure to properly exhaust the required administrative remedy prior to filing suit bars any claims she attempts to bring under the FCRA. Even if that were not so, Count II fails to state a claim as set forth below.

Counts I and II should be decided in the same manner, as the FCRA was patterned after Title VII and because decisions construing Title VII are applicable when considering FCRA claims. *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). In order to establish a prima facie case of a hostile work environment based upon sexual harassment, Ledesma must show:

> (1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a

---

[1] Additionally, not all of the adverse actions alleged by Plaintiffs constitute actionable conduct. Plaintiffs allege the some of adverse actions taken against them include "being written up for numerous petty infractions." *Complaint*, ¶ 301. To be actionable, an adverse action must be "material" from the perspective of a reasonable employee. *Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53, 68 (2006). The Supreme Court has made it clear that "it is important to separate significant from trivial harms." *Id*. Anti-retaliation provisions seek to prevent employer actions that are likely to deter victims from complaining, and "normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id*. Being "written up" for an infraction of the workplace rules, however "petty" Plaintiffs may believe such violation was, is one of those "minor annoyances" that all employees must deal with from time-to-time. Such action does not constitute the type of materially adverse action that can justify a FLSA retaliation claim and thus those allegations in Plaintiffs' Complaint must be ignored in determining whether Plaintiffs have stated a cause of action for retaliation under the FLSA. Only the alleged terminations (which actually did not occur but must be accepted as true at this stage) could possibly constitute actionable retaliation.

> discriminatorily abusive working environment; and (5) that there is a basis
> for holding the employer liable.

*Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010). Counts I and II of

the Complaint contain insufficient allegations to satisfy prongs two through four of that test.

### A.      Ledesma fails to allege that she was subjected to sexual harassment.

The second prong of the test requires a showing that Ledesma was subjected to

unwelcome sexual harassment. As examples of the "harassment" Ledesma cites only what she

calls "crude" comments by her supervisor about a coffee product that allegedly increased sexual

performance, *Complaint, ¶* 51, one comment by her supervisor about his sexual performance

with his own wife, *Complaint*, ¶ 52, and one alleged request by her supervisor to have Ledesma's

daughter "dress sexy" in order to sell a coffee product, *Complaint, ¶* 54.

None of Ledesma's allegations rise to the level of sexual harassment—Ledesma makes

no allegation that she was the recipient of any unwelcome sexual advances or requests for sexual

favors. *Reeves*, 594 F.3d at 808. As the Supreme Court has stated, Title VII is not meant to be a

general code of civility in the workplace. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788

(1988). The "use of offensive language, gender-related jokes, and occasional teasing" are not

actionable conduct. *Id. See also Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d

1013, 1027 (11th Cir. 2008) (comments that the employee "looked hot" and "should wear tighter

clothing" were not actionable); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999)

(staring at an employee's groin area while gesturing and brushing against her was not

actionable); *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 823-24 (6th Cir. 1996) (comments that

an employee was dancing on tables at a biker bar over the weekend or suggesting that a land area

be named "Titsville" or "Twin Peaks" were not actionable); *Baskerville v. Culligan Int.'l Co.*, 50

F.3d 428, 430-31 (7th Cir. 1995) (comments to an employee that the "pretty girls [should] run

12

around naked" and gesturing with his hands in front of employee to simulate masturbation was not actionable).  Because Ledesma has failed to allege conduct that, even had it occurred, rises to the level of unwelcome sexual harassment, Counts I and II must be dismissed.

>    **B.**    **Ledesma fails to provide factual support for the idea that any alleged harassment was based upon her sex.**

Likewise, the third prong requires a showing that the alleged harassment was based on Ledesma's sex. While Ledesma does allege that she was harassed because she was a woman, *Complaint*, ¶¶ 112 and 126, she provides no factual support for that bare conclusion. Ledesma does not allege that she was the only individual to whom similar comments were directed. She does not allege that her supervisor did not describe his sexual performances with the male employees or that he did not make the same comments about the effects of the coffee product he was selling to other male employees. Nor are any of the alleged comments sex-specific, "which is to say more degrading to women than men." *Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1287, 1302 (11th Cir. 2007) (explaining that an equal opportunity offender does not create an actionable hostile work environment). Accordingly, Ledesma's complaint is devoid of any factual allegations that support her conclusion that she was harassed *because of* her sex and Counts I and II must be dismissed.

>    **C.**    **Ledesma has alleged no facts showing severe or pervasive harassment.**

Further, in order to satisfy the fourth prong of test, Ledesma must show that "she suffered a tangible employment action, which is a significant change in employment status such as firing or reassignment with significantly different job responsibilities." *Brown v. Snow*, 440 F.3d 1259, 1265 (11th Cir. 2006). Ledesma makes no such allegations in Counts I or II of the Complaint.

Alternatively, Ledesma fails to show that the terms and conditions of her employment were altered by severe and pervasive harassment. Courts look to four factors in this instance: "(1)

the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza,* 195 F.3d at 1246.

In Counts I and II of the Complaint, Ledesma only states a bare recitation of this element of the cause of action—that she "considered the sexual harassment by HASKINS sufficiently sever and/or pervasive enough to alter the conditions of her employment." *Complaint*, ¶¶ 114 and 128. However, those counts of the Complaint lack any factual allegations which would allow the Court to determine that such a conclusion is even plausible, which is the required pleading standard after *Twombly* and *Iqbal*.

None of Ledesma's allegations come close to raising anything more than a potentially offensive utterance; she alleges no conduct that was either physically threatening or humiliating. For example, the Eleventh Circuit has found that comments about one's sexuality—that the employee "looked hot" and "should wear tighter clothing"—though "taunting and boorish," is not physically threatening or humiliating, *Webb-Edwards,* 525 F.3d at 1027, nor is repeatedly staring at an employee's groin area and rubbing against her conduct that creates an actionable hostile work environment. *Mendoza*, 195 F.3d at 1246. Ledesma's allegations are simply of descriptions involving sexual overtones, which certainly is not actionable conduct.

### D.     Ledesma likewise has not alleged any alteration of the terms and conditions of her employment due to severe and pervasive harassment.

Further, Ledesma does not allege one single way in which the terms and conditions of her employment were purportedly affected by the complained-of conduct. None of Ledesma's allegations address any interference the alleged conduct created with her job performance. Ledesma has not alleged that the purported harassment ever prevented her from performing any of her job duties, or that it made it more difficult for her to do her job. *Murphy v. City of*

*Aventura*, 616 F. Supp. 2d 1267, 1278-79 (S.D. Fla. 2009) (holding that the complained of sexual harassment did not create a hostile work environment that altered the terms and conditions of plaintiff's employment when she was unable to show any time away from the job complaining about the incidents or that the incidents actually interfered with her job performance). As such, it is clear that Ledesma has failed to allege sufficient facts to show that the complained of conduct was sufficiently severe or pervasive to alter the terms and conditions of her employment, as is required to state a claim for sexual harassment under Title VII and the FCRA. Accordingly, Counts I and II must be dismissed.

## VII. PLAINTIFFS' TITLE VII, FCRA, AND SECTION 1981 HOSTILE WORK ENVIRONMENT CLAIMS (COUNTS V THROUGH VII) LACK SUFFICIENT FACTUAL ALLEGATIONS AND MUST BE DISMISSED.

Just as Counts I and II must be dismissed for failing to meet the pleading standards now required by *Twombly* and *Iqbal*, so must Counts V, VI, and VII, in which Plaintiffs attempt to plead a hostile work environment claim under Title VII, the FCRA, and 42 U.S.C. § 1981, respectively. To plead that claim, each Plaintiff must allege that he: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010), *citing Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009); *see also Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 & n. 2 (11th Cir. 2002) (noting that Title VII and § 1981 hostile work environment claims have the same elements and are subject to the same analytical framework); *Harper*, 139 F.3d at 1387 (decisions construing Title VII are applicable when considering FCRA claims).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Introductory conclusions cannot take the place of factual allegations in stating a plausible claim for relief. *Edwards*, 602 F.3d at 1300.

**A.      Plaintiffs fail to allege facts showing that any harassment was based upon their membership in a protected class.**

Although Plaintiffs allege that they were "subjected to harassment on the basis of their Hispanic" national origin, *Complaint*, ¶ 158, and race, *Complaint*, ¶ 190, and that they were less favorably treated than non-Hispanic employees, *Complaint*, ¶¶ 159, 160, 191 and 192, Plaintiffs make no plausible allegations that they were treated differently *because of* their race. *See Edwards*, 602 F.3d at 1301 (finding that the fact that the plaintiff was Caucasian and that he alleged he was threatened, assaulted and shunned by his Hispanic and Latino co-workers, which created a hostile work environment, does not plausibly allege that he was harassed because of his race and dismissing the amended complaint for failing to state a claim for relief under § 1981). As in *Edwards*, the factual allegations of Count VII of Plaintiffs' Complaint are not "enough to raise a right to relief above the speculative level" and should be dismissed. *Twombly*, 550 U.S. at 555.

Plaintiffs in this case fail to identify even one non-Hispanic, similarly situated individual that was treated more favorably, which is fatal to their claim that they were harassed *because of* their race. *Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250, 1274 (11th Cir. 2004) (upholding the trial court's dismissal of plaintiffs' § 1981 race discrimination claim because, even under the pre-*Twombly* and *Iqbal* pleading standards, plaintiffs' failure to identify "*any* specific nonminority employees of BellSouth who were treated differently in other similar cases"

16

was fatal to their claim of intentional racial discrimination); *see also St. Hilaire v. The Pep Boys - Manny, Moe and Jack*, 73 F. Supp. 2d 1366, 1372 (S.D. Fla. 1999) (holding that plaintiff failed to establish a prima facie case of § 1981 race discrimination because she failed to allege any facts showing that similarly situated employees not within her protected class were treated more favorably). Furthermore, Plaintiffs simply cannot identify any such individual, as *every one* of the golf course maintenance employees during the relevant time period who were similarly situated (i.e. with the same or similar job responsibilities) were also Hispanic. *Declaration of Clark*, ¶ 9. For that reason, it would be futile to allow Plaintiffs leave to amend Counts V through VII of the Complaint.

**B.    Plaintiffs' allegations fall far short of stating a claim that any alleged harassment was severe or pervasive and altered the terms and conditions of their employment.**

In addition to failing to allege sufficient facts supporting the third prong of the test—that the alleged harassment was based upon Plaintiffs' membership in a protected class—Plaintiffs also fail to allege facts in Counts V, VI, and VII showing that the alleged harassment was severe or pervasive enough to alter the terms and conditions of their employment. These counts of the Complaint do not relate to Plaintiffs' allegations of wrongful termination; instead Counts V through VII solely focus on the alleged hostile work environment claims. However, Plaintiffs fail to identify any facts to support the idea that the alleged harassment in any way actually interfered with their job performance. *Murphy*, 616 F. Supp. 2d at 1278-79 (holding that the terms and conditions of plaintiff's employment were not altered when she was unable to show any time away from the job complaining about the incidents or that the incidents actually interfered with her job performance); *Fulwood v. Capital One Auto Finance, Inc.*, No. 8:09-cv-378-T-30EAJ at *12-13 (M.D. Fla. March 22, 2011) (finding that the use of the word "nigger" and comments that

Dominicans are "dumb" and "dirty," while they may have been clearly offensive were not so objectively humiliating as to be "severe").

Counts V through VII contain only conclusory allegations of severe and pervasive discrimination. Plaintiffs do not offer specific factual allegations that would allow this Court to determine that any potentially offensive comments based upon their race were severe or pervasive enough to alter the terms and conditions of their employment. Because the non-conclusory allegations of Counts V, VI, and VII are insufficient, those counts must be dismissed.

## VIII. PLAINTIFFS MAURICIO DIAZ, MANUEL DE JESUS ALFARO, JUAN JIMENEZ, AND DANIEL MENDOZA FAIL TO STATE A CLAIM FOR RETALIATION (COUNTS X, XI, XII, AND XIII) BECAUSE THEY CANNOT ALLEGE THAT THE DECISION MAKER HAD KNOWLEDGE OF THEIR ALLEGED PROTECTED CONDUCT.

In Counts X, XI, XII, and XIII, the Plaintiffs allege they were terminated in retaliation for engaging in protected conduct in violation of Title VII (Count X), the FCRA (Count XI), 42 U.S.C. § 1981 (Count XII), and the FLSA (Count XIII). Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza fail to state a claim in each of those counts because they fail to allege sufficient facts which would allow this Court to determine that any actionable retaliation was plausible.

In order to state a claim for retaliatory discharge, the Plaintiffs must allege that: (1) they engaged in statutorily protected conduct; (2) they suffered adverse employment action; and (3) there is a causal connection between the protected conduct and the adverse employment action. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (Title VII); *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842 n. 11 (11th Cir. 2000) (elements of a claim under 42 U.S.C. § 1981 are the same as a Title VII claim); *Harper*, 139 F.3d at 1387 (FCRA claims should be construed according to the same framework as Title VII claims); *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (FLSA). "At a minimum, a plaintiff must

generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993) (citations omitted).

### A.     Plaintiffs fail to allege sufficient facts establishing close temporal proximity between the protected activity and the alleged retaliatory conduct.

In this case, the Plaintiffs (excluding Ledesma) allege that they engaged in protected conduct by complaining to their immediate supervisor, Ledesma, about the alleged harassment they believed to be in violation of Title VII, *Complaint*, ¶ 226, the FCRA, *Complaint*, ¶ 247, and § 1981, *Complaint*, ¶ 271, as well as the alleged overtime issues in violation of the FLSA, *complaint*, ¶ 294. Ledesma claims to have brought the substance of the complaints to the attention of Highland Woods' General Manager during a meeting on July 7, 2010. *Complaint*, ¶¶ 226, 247, 271, and 294. Thus, each of the Plaintiffs (excluding Ledesma) claim to have engaged in protected activity at some unstated time prior to July 7, 2010. Plaintiffs must make clear when their statutorily protected activity occurred. The allegations of the Complaint fail to establish a timeline as to when the alleged protected conduct of the Plaintiffs (excluding Ledesma) occurred. Thus, it is difficult, if not impossible, for this Court to determine if an inference can be drawn between the time between when the parties allegedly complained to Ledesma and when the alleged adverse actions took place to satisfy the third element that must be pled, i.e. a causal connection between the two. Such factual pleading is necessary in order to satisfy the pleading standard required by *Twombly* and *Iqbal*.

### B.     The Complaint clearly shows that any decision makers were unaware of the alleged protected conduct by Plaintiffs other than Ledesma.

Furthermore, Plaintiffs have not alleged sufficient facts to allow this Court to determine that there is a plausible causal connection between the alleged protected activity and the adverse

19

employment action because they have not stated any facts to support the essential element that the decision maker was even aware of the protected conduct. A lack of knowledge of protected conduct negates any inference that can be drawn from the close temporal proximity between protected conduct and adverse action. *Clover v. Total System Services, Inc.*, 176 F.3d 1346, 1355-56 (11th Cir. 1999) (holding that the plaintiff failed to present evidence to establish that the decision maker was aware of her protected conduct); *McCollum v. Bolger*, 794 F.2d 602, 610-11 (11th Cir. 1986) (holding that the plaintiff failed to establish a prima facie case because the decision maker was unaware of the protected conduct); *see also Brungart v. BellSouth Telecommunications*, 231 F.3d 791, 799 (11th Cir. 2000) (stating that the requirement that the plaintiff show that the corporate agent who took the adverse action was aware of the protected expression "rests upon common sense" and holding that the plaintiff failed to establish a prima facie case of retaliation).

In this case, Plaintiffs' own admissions in the Complaint make it clear that the decision makers at Highland Woods were wholly unaware of the alleged protected conduct by Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza. First, the Complaint does not identify the decision makers, but may imply that the decision makers were either Ledesma's supervisor, Billy Huskins ("Huskins"), or Clark, Highland Woods' General Manager. The Complaint contains allegations that Ledesma brought the complaints of the other Plaintiffs to Clark's attention during her July 7, 2010 meeting. *Complaint*, ¶¶ 226, 247, 271, and 294. However, the Plaintiffs also clearly admit in the Complaint that when Clark allegedly asked which employees shared in Ledesma's complaints, she refused to provide that information to Clark. *Complaint*, ¶¶ 70-71, and 297 (for example, Ledesma "told [Clark] that she did not know."). Without any knowledge of the fact that Plaintiffs Diaz, De Jesus Alfaro, Jiminez, and Mendoza had voiced any

complaints, it is impossible for this Court to determine that any adverse actions allegedly taken against those individuals were plausibly retaliatory in nature. Furthermore, to the extent that the Complaint alleges adverse actions by Huskins, there are no factual allegations to support the idea that Huskins had any knowledge of any alleged complaints. Finally, there is no factual support for the conclusory statement in the Complaint that the other Plaintiffs were "known to be closely associated with Ledesma." Such an allegation is also contradicted by Ledesma's refusal to name names when pressed by Clark.

To the extent De Jesus Alfaro intends to rely on the fact that he filed a charge with the EEOC on August 4, 2010 and was allegedly terminated several days later as evidence of the required causal connection, such allegation is again insufficient to support his claim of retaliation. Specifically, De Jesus Alfaro states no facts which would tend to show that Highland Woods had any knowledge of his EEOC Charge. In point of fact, the Charge was mailed by the EEOC to Highland Woods on August 12, 2010, *after* De Jesus Alfaro's alleged termination on August 9, 2010. *Declaration of Clark*, ¶ 14; *Complaint*, ¶ 97. Clearly, neither Clark nor Huskins had knowledge of the EEOC charge prior to the time they received notification from the EEOC of the existence of the charge. Any allegation to the contrary would be unsupported by plausible fact.

Accordingly, Counts X, XI, XII, and XIII must be dismissed as to Plaintiffs Diaz, De Jesus Alfaro, Jiminez, and Mendoza.

## IX.   LEDESMA'S CLAIMS OF RETALIATION (COUNTS III, IV, X, XI, AND XII) MUST BE DISMISSED BECAUSE SHE CANNOT ALLEGE A GOOD FAITH REASONABLE BELIEF THAT HIGHLAND WOODS ENGAGED IN UNLAWFUL PRACTICES.

As set forth above, the factual allegations upon which plaintiff relies are insufficient to state a claim for discrimination.  Although it is theoretically possible for a plaintiff to state a

QB\14302431.4

claim for retaliation based upon opposition to conduct that is not actually unlawful, the plaintiff must have a "good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008). That standard has both a subjective and an objective component. *Id*. Thus, the allegations must not only state that the plaintiff had an honest and bona fide belief, but the plaintiff's allegations must also indicate that the belief, even if mistaken, was objectively reasonable. *Id*. The reasonableness is measured against existing substantive law. *Van Portfliet v. H & R Block Mortg. Corp.*, 290 F. App'x 301, 303 (11th Cir. 2008).

**A.      Ledesma's allegations of sexual harassment were not objectively reasonable.**

For the reasons explained in more detail in Section VI, A through C, of this Memorandum of Law, above, the allegations Ledesma asserts to support her claim of sexual harassment in violation of Title VII and the FCRA are wholly insufficient under existing substantive law. *Edwards*, 525 F.3d at 1027 (comments about how "hot" the employee looked and how she should dress were not actionable sexual harassment); *Mendoza*, 195 F.3d at 1246 (staring at an employee's groin area while gesturing and brushing against her was not conduct that rose to the level of sexual harassment). The conduct alleged by Ledesma—that her supervisor asked her to sell aphrodisiac coffee and generally describing its possible effects—falls far short of actionable conduct under existing law.

Ledesma has thus failed to assert any factual allegations showing an objectively reasonable belief of Highland Woods' unlawful conduct to support her retaliation claim under Title VII or the FCRA in Counts III and IV, respectively. Counts III and IV must be dismissed. *Scribner v. Collier Co.*, No. 2:10-cv-728-FtM-29DNF at *11-12 (M.D. Fla. July 14, 2011) (dismissing plaintiff's complaint because his claims of retaliation were not based on an

objectively reasonable belief that the employer's actions constituted an unlawful employment practice).

### B.     Ledesma's allegations of race and/or national origin discrimination were not objectively reasonable.

Likewise, Ledesma's allegations purportedly supporting her claim of a hostile work environment discrimination based upon race and/or national origin in violation of Title VII, the FCRA, and § 1981 are insufficient under existing law and thus do not give rise to the necessary objectively reasonable belief of unlawful conduct to support her retaliation claim. As set forth in more detail in Section VII of this Memorandum of Law, above, Ledesma did not complain about any adverse employment actions. Her allegations were isolated to a purported statement that Hispanics can tolerate the heat better and did not need water breaks. *Complaint*, ¶ 44. Such allegations do not constitute adverse employment actions. Additionally, the conduct alleged is not so severe or pervasive to have altered the terms and conditions of Ledesma's employment as a matter of law. *Murphy*, 616 F. Supp. 2d at 1278-79. Furthermore, Ledesma does not (and cannot) identify any similarly situated non-Hispanic individual who was treated more favorably. *Jackson*, 372 F.3d at 1274;  (finding no intentional discrimination where plaintiff cannot identify *any* non-minority treated more favorably); *St. Hilaire*, 73 F. Supp. 2d at 1372 (same).

Because of these failings, it would be impossible for anyone to reasonably conclude that there had been actionable discrimination. Without any factual support showing that it was reasonable to conclude that discrimination was occurring, no claims of retaliation in violation of Title VII, the FCRA, or § 1981 can stand. *Scribner*, No. 2:10-cv-728-FtM-29DNF at *11-12. Therefore, Ledesma's claims in Counts X, XI, and XII must be dismissed.

X.      CONCLUSION

In conclusion, Highland Woods has presented multiple independent grounds upon which this Court should dismiss each of Plaintiffs' claims. Each of the Plaintiffs failed to properly exhaust their administrative remedies prior to bringing suit for claims under the FCRA. One Plaintiff Diaz, was not an employee of Highland Woods and thus all claims he brings must be dismissed. Each of the Plaintiffs' hostile work environment claims, FLSA claims, and all retaliation claims fail to allege sufficient facts to state a claim under the pleading standards now required by *Twombly* and *Iqbal*. As Highland Woods has shown throughout its Memorandum of Law supporting this Motion, amendment of the Complaint would be futile. Accordingly, all counts of the Complaint should be dismissed with prejudice.

WHEREFORE, Defendant, HIGHLAND WOODS GOLF & COUNTRY CLUB, INC., respectfully requests that this Honorable Court enter an Order dismissing the Complaint and granting such further relief as the Court deems appropriate.

Dated this 9th day of September 2011.

QUARLES & BRADY LLP

By: /s/ Otto W. Immel
       Otto W. Immel
       Florida Bar No. 26252
       Kelly L. Davis
       Florida Bar No. 26461
       1395 Panther Lane, Suite 300
       Naples, FL  34109
       Trial Counsel for Defendant
       otto.immel@quarles.com
       (239) 659-5041
       (239) 213-5449 - Facsimile
       kelly.davis@quarles.com
       (239) 659-5066
       (239) 213-5433 - Facsimile

24

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 9, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List set forth below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Otto W. Immel
Name of Password Registrant

## SERVICE LIST

| Bradley W. Butcher, Esq. | bwbutcher1973@comcast.net |
|---|---|
| Julianna Rojas, Esq. | bbutcher@rojasandbutcher.com |
| Mina Willis Lani, Esq. | mlani@rojasandbutcher.com |
| Rojas & Butcher, P.L. | Tel: (239) 561-7801 |
| 6830 Porto Fino Circle, Suite. 2 | Fax: (239) 322-1658 |
| Fort Myers, Florida  33912 | |
| | |
| BY CM-ECF | |