UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CELINA LEDESMA,
MAURICIO DIAZ,
MANUEL DE JESUS ALFARO,
JUAN JIMENEZ, and
DANIEL MENDOZA

Plaintiffs,

v. Case No.: 2:11-cv-359-UA-DNF

HIGHLANDS WOOD GOLF &
COUNTRY CLUB, INC.,

Defendant.
_______________________________/

**ORDER**

This cause comes before the Court on Defendant Highlands Wood Golf & Country Club, Inc.'s Motion to Dismiss Plaintiffs' Complaint. (Dkt. 11.) Plaintiffs Celina Ledesma, Mauricio Diaz, Manuel De Jesus Alfaro, Juan Jimenez, and Daniel Mendoza filed a response in opposition to the motion. (Dkt. 14), and Defendant filed a reply (Dkt. 17). For the reasons stated herein, the motion is granted in part and denied in part.

**I. Background**

On June 27, 2011, Plaintiffs filed a Complaint and Demand for Jury Trial against their former employer Defendant Highlands Wood Golf & Country Club, Inc. (Dkt. 1.) In their 13-count Complaint, Plaintiffs allege that they were subjected to unlawful discrimination, retaliation, and harassment as a result of their race, national origin, and gender, all in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. ("Title VII"), the

Florida Civil Rights Act of 1992, as amended, Fla. Stat. § 760.01 et seq. ("FCRA"), 42 U.S.C. § 1981 ("§ 1981"), and the Fair Labor Standards Act, as amended 29 U.S.C. § 201 et seq. ("FLSA"). Additionally, Plaintiffs contend that Defendant failed to pay them minimum wage and overtime compensation, in violation of the FLSA.

Defendant has moved to dismiss each of the 13 counts asserted in Plaintiffs' Complaint.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.* Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than conclusions." *Id.* at 1950.

## III. Discussion

On September 9, 2011, Defendant filed the instant Motion to Dismiss in which it asserts

multiple grounds for dismissal as to each of the 13 counts contained in the Complaint. The Court shall address those arguments as they relate to each of the counts separately.

**A. Counts I and II: Plaintiff Ledesma's Claims for Sexual Harassment/Hostile Work Environment in violation of Title VII and the FCRA**

In Counts I and II of the Complaint, Plaintiff Ledesma asserts claims against Defendant for sexual harassment and a hostile work environment, in violation of Title VII and the FCRA, respectively. Ledesma alleges that she is a female of Hispanic national origin, and that she was hired by Defendant to work as a Golf Maintenance Worker at the golf course operated by Defendant. She further alleges that Billy Haskins was employed by Defendant as its Grounds Superintendent and was her immediate supervisor.

Ledesma alleges that Haskins sexually harassed her on a daily basis until her termination. In particular, she alleges that Haskins sold a product called "Magic Coffee," or "Viagra Coffee," as part of a multi-level scheme to patrons of the golf course and its employees. She alleges that Haskins repeatedly pressured her to join in his multi-level scheme, and in doing so, made frequent crude, sexual comments about the effect of the product on male potency and sexual performance.

Defendant argues that Counts I and II of the Complaint must be dismissed for failure to state a claim because she failed to allege that she was the recipient of unwelcome sexual advances, because she failed to provide factual support for her allegation that the harassment was based upon her gender, because she did not allege facts showing severe or pervasive harassment, and because she did not allege any alteration in the terms or conditions of her employment due to the alleged harassment.

Plaintiff Ledesma responds that the task of determining whether certain allegations rise to

the level of actionable harassment is a fact-intensive inquiry that cannot be resolved on a motion to dismiss. The Court agrees.

"[W]hether an environment is 'hostile' or 'abusive' can be determined only be looking at all the circumstances." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Such facts include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* Here, Plaintiff Ledesma has alleged that she was subjected to daily harassment of a sexual nature by her immediate supervisor for a period of several months. She further has alleged that she was harassed because she was the only female golf course employee and that such harassment resulted in a loss of employment opportunities and benefits. Taking these allegations in the light most favorable to Plaintiff Ledesma, they are sufficient to survive a motion to dismiss. Whether Defendant's conduct was so severe or pervasive as to constitute harassment is more appropriately determined at the summary judgment stage or at trial.

Defendant argues that Plaintiff Ledesma's harassment claim under the FCRA (Count II) must be dismissed for the additional reason that she failed to allege that she properly exhausted her administrative remedies by filing a charge of discrimination with the Florida Commission on Human Relations ("FCHR"). Defendant notes that Plaintiff Ledesma merely alleges in the Complaint that she filed a charge of discrimination with the EEOC. Furthermore, Defendant contends that Plaintiff Ledesma should not be granted leave to amend because, although she indicated on her charge of discrimination that she intended to file it with both agencies, she failed to properly verify the charge by signing it, in accordance with Florida Statute Section

92.525. Moreover, she cannot timely initiate a verified charge with the FCHR because such charge must be filed within 365 days of the alleged violation.

The Court rejects this argument, in part. Florida Statute Section 92.525 states that when the law authorizes that a document be verified, the verification may be accomplished by the signing of a written declaration, which means that "the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect." The Court has reviewed Plaintiff Ledesma's charge of discrimination and concludes that it satisfies the statutory verification requirement. Plaintiff Ledesma's signature appears under the statement that "[she] declares under penalty of perjury that the above is true and correct."

Nevertheless, although Plaintiff Ledesma properly verified the charge and indicated her intention to dual-file it with both the EEOC and the FCHR, she failed to allege in the Complaint that she had exhausted her administrative remedies by filing with the FCHR. Therefore, the Court shall grant Defendant's motion to the extent that Count II shall be dismissed without prejudice. Plaintiff Ledesma shall have leave to amend Count II to assert that she satisfied her administrative prerequisites by filing her charge of discrimination with the FCHR.[1]

**B. Counts III and IV: Plaintiff Ledesma's Claims of Retaliation in violation of Title VII and the FCRA**

In Counts III and IV, Plaintiff Ledesma alleges that she was subjected to unlawful

---

[1]Defendant makes the same argument as to Plaintiff Ledesma's retaliation claim under the FCRA contained in Count IV of the Complaint. Again, the Court shall grant Defendant's motion to dismiss Count IV without prejudice, and allow Plaintiff Ledesma leave to amend Count IV to assert that she has satisfied her administrative prerequisites by filing her charge with the FCHR.

retaliation in violation of Title VII and the FCRA, respectively. Specifically, Plaintiff Ledesma alleges that, when she complained to Defendant's general manager that Haskins was sexually harassing her, Defendant ordered her not to speak to any other employees, stripped her of her supervisory duties, and ultimately fired her.

Defendant argues that Plaintiff Ledesma's retaliation claims must be dismissed because she cannot allege that she had a good faith, reasonable belief that Defendant was engaged in unlawful conduct. Defendant contends that the conduct alleged by Plaintiff Ledesma–that her supervisor asked her to sell aphrodisiac coffee and described its possible effects–falls far short of actionable conduct under existing law, and thus, she cannot show that she had an objectively reasonable belief that Defendant was engaging in unlawful conduct necessary to support her retaliation claims.

The Court rejects this argument. "A determination of how an objectively reasonable person perceives a set of circumstances is a question of fact." *Mortenson v. City of Oldsmar*, 54 F. Supp. 2d 1118, 1126 (M.D. Fla. 1999). As stated above, Plaintiff Ledesma has alleged sufficient facts to state a claim for unlawful harassment by her supervisor. Whether she had an objectively reasonable belief that her supervisor was engaged in this unlawful conduct is a question of fact that is more appropriately decided at the summary judgment stage, or at trial.

**C. Counts V, VI, VII: Plaintiffs' Claims of Harassment based on National Origin and/or Race in violation of Title VII, the FCRA, and § 1981**

In Counts V, VI, and VII, all five Plaintiffs assert that they were subjected to unlawful harassment due to their national origin and race in violation of Title VII, the FCRA, and § 1981. In these Counts, Plaintiffs allege that they were subjected to a pattern of harassment by their supervisor, Haskins, including racial and ethnic slurs and offensive statements. For example,

they allege that Haskins stated that Plaintiffs could "tolerate the extreme heat and sun better than non-Hispanic Caucasians such as himself because of the color of their skin and because Hispanics have a natural ability to tolerate extreme heat." They further allege that Haskins refused to permit them to take water breaks, stating that "Hispanics did not need any water breaks because they could tolerate heat better." They allege that Haskins did not bar similarly-situated non-Hispanic golf course employees from taking water breaks, and instead assigned them easier tasks.

Defendant first argues that the FCRA claims of Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza contained in Count VI must be dismissed because these four plaintiffs failed to exhaust their administrative remedies by filing a charge of discrimination with the FCHR before filing suit. These four plaintiffs concede that, although they filed charges with the EEOC, they did not dual-file their charges with the FCHR; thus, their claims must be dismissed. The Court therefore shall grant Defendant's motion to dismiss Count VI of the Complaint as asserted by Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza with prejudice.[2]

Additionally, Defendant argues that Counts V through VII should be dismissed as to all five Plaintiffs because they failed to allege that they were treated differently because of their national origin or race, because they failed to identify a similarly-situated employee who was treated more favorably, and because they failed to allege that the alleged harassment was severe or pervasive enough to alter the terms and conditions of their employment.

---

[2]Defendant makes the same argument as to these four plaintiffs' retaliation claims under the FCRA contained in Count XI of the Complaint. Again, the Court shall grant Defendant's motion to dismiss Count XI with prejudice as to Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza because they failed to satisfy their administrative prerequisites by filing a charge of discrimination with the FCHR before filing suit.

Plaintiffs respond that the task of determining whether certain allegations rise to the level of actionable harassment is a fact-intensive inquiry that cannot be resolved on a motion to dismiss. The Court agrees.

Here, Plaintiffs have alleged that their supervisor denied them water breaks because of the color of their skin, which is an allegation that implicates both their national origin and race. Additionally, Plaintiffs allege that similarly-situated non-Hispanics were treated more favorably. At this stage of the litigation, Plaintiffs need not identify these similarly-situated employees by name. Such information is more appropriately revealed during discovery. Accepting Plaintiffs' allegations as true, they are sufficient to survive a motion to dismiss. Whether Haskins's conduct was so severe or pervasive as to constitute harassment based on national origin or race is more appropriately determined at the summary judgment stage or at trial.

**D. Counts VIII and IX: Plaintiffs Ledesma, Diaz, De Jesus Alfaro, and Mendoza's Minimum Wage and Overtime Claims in violation of the FLSA**

In Counts VIII and IX, Plaintiffs Ledesma, Diaz, De Jesus Alfaro, and Mendoza allege that Defendant failed to pay them minimum wages and overtime wages, in violation of the FLSA. They assert that this occurred because Haskins altered their timecards to reflect a fewer number of working hours.

Defendant moves to dismiss these FLSA counts on the grounds that these plaintiffs failed to state sufficient facts to state a claim. The plaintiffs agree, and ask for leave to amend these two claims.

Because the plaintiffs concede that the factual allegations contained in Counts VIII and IX are insufficient to state a claim for minimum wage and overtime violations under the FLSA, the Court shall dismiss these counts without prejudice, and grant the plaintiffs leave to amend

these counts.

**E. Counts X, XI, XII, and XIII: Plaintiffs' Retaliation Claims in violation of Title VII, the FCRA, § 1981, and the FLSA**

In Counts X, XI, XII, and XIII, Plaintiffs allege that Defendant retaliated against them for their complaints of harassment and FLSA violations. In particular, Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza allege that they engaged in protected conduct when they complained of harassment and FLSA violations to their immediate supervisor, who was Plaintiff Ledesma, and that Plaintiff Ledesma brought these complaints, as well as her own complaints, to Defendant's General Manager during a meeting on July 7, 2010. Additionally, some of the plaintiffs allege that they engaged in protected conduct when they filed charges of discrimination with the EEOC. They allege that, as a result of their complaints, they were written up for numerous petty infractions, and ultimately terminated in July and August of 2010.

As to the claims asserted in Counts X through XIII by Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza, Defendant argues that they should be dismissed because these plaintiffs did not allege sufficient facts to make clear when their protected conduct, i.e., complaints to Ledesma, occurred, and thus failed to establish temporal proximity between the protected conduct and the adverse employment actions. Additionally, Defendant argues that these plaintiffs failed to allege sufficient facts to establish that the decision maker was aware of the protected conduct.

The Court, however, must reject these arguments because these plaintiffs have alleged sufficient facts that, accepted as true, state a claim for retaliation. Regarding temporal proximity, they allege that Plaintiff Ledesma communicated their complaints to management during a meeting that took place on July 7, 2010, and that they were terminated later that month and in

August. The relevant fact for determining temporal proximity is "the date the employer gains knowledge of the protected expression." *Raspanti v. Four Amigos Travel, Inc.*, 266 Fed. Appx. 820, 823 (11th Cir. 2008) (citations omitted). Here, Plaintiffs allege that the employer knew of their complaints within a month of their termination. These facts are sufficient, at the motion to dismiss stage, to establish the requisite casual link for a prima facie case of retaliation. Additionally, the Court rejects Defendant's contention that Plaintiffs failed to plead that the decision maker was aware of the protected conduct. To the contrary, Plaintiffs did plead that Defendant was aware of their complaints, and the Court must accept those allegations as true.

As to the retaliation claims asserted in Counts X through XIII by Plaintiff Ledesma, Defendant argues that they must be dismissed because she cannot allege a good faith, reasonable belief that Defendant was engaged in unlawful employment practices. The Court again rejects this argument. As stated above, Plaintiff Ledesma has alleged sufficient facts to state a claim for unlawful harassment by her supervisor. Whether she had an objectively reasonable belief that her supervisor was engaged in this unlawful conduct is a question of fact that is more appropriately decided at the summary judgment stage, or at trial.

**F. Claims Asserted by Plaintiff Mauricio Diaz**

Finally, Defendant contends that all of the claims asserted by Plaintiff Mauricio Diaz must be dismissed for the additional reason that Defendant did not employ an individual by that name. In support of this argument, Defendant filed a declaration from its General Manager, William J. Clark, who states that company records verify that Defendant "did not employ an individual named Mauricio Diaz." Defendant acknowledges that Plaintiff Diaz alleges in the Complaint that he received his right to sue letter under the name "Melsar Acuna;" however,

Defendant argues that Plaintiff Diaz's failure to explain in the Complaint the link between the names Mauricio Diaz and Melsar Acuna is fatal to his claims.

The Court rejects this argument for dismissal. When ruling on a motion to dismiss, the Court cannot look beyond the four corners of the Complaint to Clark's declaration in order to make a factual determination regarding whether Plaintiff Diaz worked for Defendant, or regarding his legal name. Rather, the Court must accept the facts as pled in the Complaint as true. Here, Plaintiff Diaz alleges that he worked for Defendant, and that he "received his Notice of Right to Sue (which was issued under the name "Melsar Acuna") from the EEOC." These allegations, taken together and accepted as true, are sufficient at this stage of the litigation to establish that Plaintiff Diaz worked for Defendant and that he received his right to sue letter, albeit under another name. Whether Plaintiff Diaz was, in fact, employed by Defendant is a factual determination that is more appropriate for summary judgment, or for trial.

**IV. Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that Counts II, IV, VIII, and IX are dismissed without prejudice. Plaintiffs are directed to file an amended complaint, in accordance with this order, on or before **April 11, 2012**. Additionally, Counts VI and XI are dismissed with prejudice as to the claims asserted by Plaintiffs Diaz, De Jesus Alfaro, Jimenez, and Mendoza. Otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of April, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of record